## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**BOLLINGER SHIPYARDS LOCKPORT, L.L.C.,**

    **Plaintiff**

**VERSUS**

**HNTINGTON INGALLS INCORPORATED**

    **Defendant**

**CIVIL ACTION**

**NO. 08-4578**

**SECTION "E"**

### ORDER AND REASONS

The Court has pending before it Defendant Huntington Ingalls's motion for reconsideration or, in the alternative, for transfer of venue.[1] The Court has reviewed the briefs,[2] the record, and the applicable law, and now issues this order and reasons.

On September 24, 2013, the Court ruled on Defendant Huntington Ingalls's ("HI") motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure,[3] which the Court converted into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. [4] The Court granted the motion for summary judgment insofar as it concerned Bollinger's claims for more than $100,000 based on the sub-subcontract, and the Court denied the motion insofar as it concerned claims of any amount based on a payment guarantee by HI or claims for $100,000 or less based on the sub-subcontract.[5]

On October 7, 2013, Bollinger filed a motion for interlocutory certification under

---

[1] R. Doc. 141.
[2] R. Doc. 141; R. Doc. 156; R. Doc. 160.
[3] R. Doc. 87.
[4] R. Doc. 124.
[5] R. Doc. 124.

28 U.S.C. § 1292(b).[6] HI filed a motion for reconsideration of the Court's September 24, 2013 ruling, or, in the alternative, for transfer of venue on October 25, 2013.[7] Before the briefing on the motion was completed, however, the Court granted Bollinger's motion for interlocutory certification on November 8, 2013.[8] The Court also stayed proceedings in the case and administratively closed it pending completion of proceedings in the Fifth Circuit.[9] On February 14, 2014, the Fifth Circuit denied Bollinger's petition for permission to appeal, and the case was reopened on February 20, 2014.[10] HI filed its renewed motion for reconsideration, or, in the alternative, for transfer of venue on March 12, 2014.[11]

In its motion, HI argues the Court should reconsider its order denying HI's motion to dismiss, converted by the Court to a motion for summary judgment, insofar as it concerned claims of any amount based on a payment guarantee by HI or claims for $100,000 or less based on the sub-subcontract because HI did not have a chance to respond to an argument raised by Bollinger for the first time in its final brief in opposition to HI's motion.[12] HI cites to Rule 54(b), which authorizes a district court to reconsider an interlocutory order at any time before the entry of a judgment.[13] Plaintiff Bollinger opposes the motion, arguing that Rule 60(b) applies, and HI not only fails to articulate a standard of review for its motion but also fails to "provide any grounds that would satisfy any one of the six Rule 60(b) enumerated elements."[14] HI responds asserting Rule 60(b) does not apply because "[t]he deadline for filing a Rule 59 post-

---

[6] R. Doc. 126.
[7] R. Doc. 129.
[8] R. Doc. 136.
[9] R. Doc. 137.
[10] R. Doc. 138.
[11] R. Doc. 141.
[12] R. Doc. 141-1 at pp. 2–3.
[13] Fed. R. Civ. P. Rule 54; R. Doc. 141-1 at pp. 6–7.
[14] R. Doc. 156 at pp. 5–6.

judgment motion . . . does not apply to a motion for reconsideration of an interlocutory order."[15]

The Court's order denying in part HI's motion is an interlocutory order since it did not adjudicate all of Plaintiff's claims. Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a [final] judgment."[16] Although the district court has broad discretion to reconsider an interlocutory order for any reason it deems sufficient,[17] this power "is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.[18]

Generally, the courts in this district evaluate a motion to reconsider an interlocutory order under the same standards as those governing a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[19] Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[20] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the

---

[15] R. Doc. 160 at p. 2.

[16] Fed. R. Civ. P. 54(b).

[17] *See U.S. v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (citation and internal quotation marks omitted) ("Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order for any reason it deems sufficient.")

[18] *Castrillo v. Am. Home Mortgage Servicing, Inc.*, 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).

[19] *See, e.g.*, *id.* at *3–4 ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."). However, there are some circumstances in which a different standard would be appropriate. *Id.* (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–16 (4th Cir. 2003)).

[20] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir.2003) (citations and internal quotation marks omitted).

order].'"[21] "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[22] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[23]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

> (1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
> (2) whether the movant presents new evidence;
> (3) whether the motion is necessary in order to prevent manifest injustice; and
> (4) whether the motion is justified by an intervening change in the controlling law.[24]

HI argues the Court should exercise its discretion to reconsider because "the Court's ruling on Open Items of $100,000 or less was based on a meritless argument that Bollinger raised for the first time in its last brief on HI's motion to dismiss and that HI did not have an opportunity to address. Second, reconsideration is warranted on Bollinger's guarantee claim because there is no evidence that HI guaranteed payment for any of the Open Items. Third, . . . it would be a waste of judicial resources to deny reconsideration and proceed to trial on issues that can and should be decided in this motion."[25]

Nothing asserted by HI in its motion for reconsideration or its reply establishes

---

[21] *Lacoste v. Pilgrim Int'l,* 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.,* 367 F.3d 473, 478–79 (5th Cir. 2004)).

[22] *Castrillo,* 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).

[23] *Lightfoot v. Hartford Fire Ins. Co.,* 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012).

[24] *Castrillo,* 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.,* 33 F. App'x 704 (5th Cir. 2002); *Lightfoot v. Hartford Fire Ins. Co.,* 07-4833, 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012).

[25] R. Doc. 160 at p. 4.

that the Court's judgment is based on a manifest error of law or that reconsideration is necessary to prevent manifest injustice. Defendant's main contention is that it did not have the chance to brief Bollinger's argument upon which the Court ruled because Bollinger did not raise the argument until its sixth and final brief filed in response to HI's motion.[26] This matter was extensively briefed prior to the Court's ruling, and all parties had ample opportunity to raise claims and defenses. Furthermore, Bollinger's final brief was filed on September 3, 2013.[27] The Court did not rule on HI's motion until September 25, 2013.[28] If HI considered additional briefing necessary, HI could have asked the Court for leave to respond to Bollinger's brief but did not do so. Accordingly, the Court declines to exercise its discretion to reconsider its previous order. HI is attempting to raise an argument which could, and should, have been made before the Court issued its judgment.

HI alternatively filed a motion for transfer of the case to the Southern District of Mississippi.[29] However, HI failed to address the impact of the Supreme Court's decision in *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*[30] in the transfer of this matter or the timeliness of its motion. The Court finds that additional briefing is necessary before it may decide HI's motion to transfer the case.

Accordingly, Defendant HI's motion for reconsideration is **DENIED**.[31] Ruling on HI's motion to transfer is **DEFERRED**.[32] **IT IS ORDERED** that Defendant HI submit additional briefing, not to exceed ten (10) pages, by November 24, 2014 on whether

---

[26] R. Doc. 141-1 at pp. 2–3 (citing R. Doc. 124 at p. 9; R. Doc. 116-2 at pp. 7–9)).
[27] R. Doc. 116 ("Additional Materials Establishing Genuine Disputed Issues of Material Fact").
[28] R. Doc. 124.
[29] R. Doc. 141-1 at pp. 11–13.
[30] 134 S. Ct. 568 (2013).
[31] R. Doc. 141.
[32] R. Doc. 141.

*Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*[33] applies and the timeliness of its motion to transfer. Plaintiff Bollinger may file a response by December 1, 2014, not to exceed ten (10) pages.

**New Orleans, Louisiana, this 14th  day of November, 2014.**

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[33] 134 S. Ct. 568 (2013).